UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. COSS, | No. 2:14-cv-1490 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a civil detainee proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

Because many of the allegations pertain to civil rights violations under 42 U.S.C. § 1983 rather than the legality or duration of petitioner's sentence, petitioner is advised that he will have to file another action pertaining only to his civil rights claims, and he will incur a separate filing fee in the amount of $350.

Petitioner alleges two grounds of relief: (1) biased, unfair, unethical judge who had a conflict of interest; and (2) malicious and vindictive prosecution by the Sacramento County

1

Probation Department.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam). Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. Id. at 750-51. See also, Ross v. Woodford, 2007 WL 1589544 (E.D. Cal. June 1, 2007) (petitioner challenging CDCR classification system who maintains his classification history entitles him to be transferred from a Level IV to Level III custody prison challenges the conditions of his confinement is not entitled to a writ of habeas corpus and may only proceed by way of 42 U.S.C. § 1983); Boyd v. Uribe, 2010 WL 3169586 (S.D. Cal. June 8. 2010) (petitioner's challenge to his reclassification from custody Level II to Level III does not implicate the legality or duration of his state court conviction and does not state a valid claim pursuant to 28 U.S.C. § 2254); Chaney v. Kramer, 2010 WL 2991515 (N.D. Cal. July 28, 2010) (dismissing petitioner's claim that prison classification committee elevated his prison placement score improperly placing him in a Level III facility and seeking a decrease in placement score because this claim does not thereby frame a claim affecting the fact or duration of imprisonment).

Here, the only portion of the petition which might pertain to the validity or duration of petitioner's confinement is found in Claim 1 which alleges that the superior court judge was biased and unethical, and had a conflict of interest. (ECF No. 1 at 4.)

Claim 2 alleges that the Sacramento County Probation Department engaged in malicious and vindictive prosecution by arresting petitioner on false charges. (Id. at 2, 23.) This claim is properly brought as a civil rights action. See Jones v. Hedgpeth, 2011 WL 5221878, at *14 (C.D. Cal. Mar. 18, 2011) (noting "it is doubtful whether malicious prosecution claims are cognizable

on federal habeas review"); Honan v. Probation Dep't of Orange County, 2012 WL 1340134, at *9 (C.D. Cal. Feb. 13, 2012) (same).[1]  He further alleges that the probation department denied him medical treatment.  (Id. at 2.)  Throughout the petition, there are miscellaneous allegations based on civil rights violations, such as those pertaining to injuries during his arrest, police brutality, and denial of medical treatment.  See e.g. id. at 2, 7-9.

Therefore, the petition will be dismissed but petitioner will be granted leave to file an amended petition containing only claims pertaining to the validity or duration of petitioner's conviction, i.e. judicial misconduct as set forth in Claim 1 and possibly Claim 2. (See footnote 1.)

Furthermore, the amended petition should name the proper respondent.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  The court is required to consider *sua sponte* whether the named respondent has the power to provide the relief sought in a habeas corpus action.  See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  The state officer may be the executive director of a state hospital where petitioner is housed.  Ward v. Executive Director, 2013 WL 3991995, at *1 (E.D. Cal. Aug. 1, 2013).  On amendment, petitioner shall name the proper respondent.

Petitioner may separately file a civil rights complaint which contains the bulk of the claims raised herein, but he must file a new and separate action.  If petitioner, as plaintiff, chooses to file a civil rights complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

---

[1] If however, for example if a probationer was arrested on account of his race, and not on asserted false facts, such selective prosecution might well be actionable in habeas corpus.  Of course, petitioner cannot simply allege such; he must plead a good faith factual basis for the claim.

participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

It is difficult to determine which, if any, of plaintiff's civil rights claims seeking money damages may be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Therefore, the following information is provided so that plaintiff may be guided appropriately when amending his complaint. In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

Petitioner is advised that Heck may bar any claims he has concerning malicious prosecution or the filing of false charges against him. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (holding that plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him were barred by Heck); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (finding that Heck barred plaintiff's allegations that defendants violated his civil rights when they lacked probable cause to arrest him and brought unfounded criminal charges against him); Jones, 2011 WL 5221878, at

4

1  *14 (noting crucial element in a malicious prosecution claim is "termination of the prior criminal

2  proceeding in favor of the accused"); Honan, 2012 WL 1340134, at *9 (same); Perkins v.

3  Kemalyan, 2010 WL 6416247, at *4 (C.D. Cal. Aug. 6, 2010) (finding civil rights claims against

4  probation officer for reporting false statements barred by Heck).

5       If plaintiff chooses to file a separate civil rights action, he is advised that Heck may

6  prevent claims from going forward if they are based on a conviction that has not been overturned.

7       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8  make plaintiff's amended filing complete. Local Rule 220 requires that an amended pleading be

9  complete in itself without reference to any prior pleading. This is because, as a general rule, an

10 amended pleading supersedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

11 Once plaintiff files an amended pleading, the original pleading no longer serves any function in

12 the case. Therefore, each claim and the involvement of each defendant must be sufficiently

13 alleged.

14      In accordance with the above, IT IS HEREBY ORDERED that:

15      1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in

16 support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's

17 failure to comply with this order will result in the dismissal of this action;

18      2. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis

19 form used by this district;

20      3. The petition is dismissed with leave to file an amended petition within twenty-eight

21 days of this order; failure to file an amended petition will result in a recommendation that this

22 action be dismissed;

23      4. In addition, to the extent that this habeas petition contains civil rights claims, his claims

24 under 42 U.S.C. § 1983 are dismissed and in order to proceed petitioner must file a new and

25 separate action; and

26 /////

27 /////

28 /////

5. The Clerk of the Court is directed to provide petitioner with forms for filing a habeas corpus petition and a civil rights complaint as used in this district.

Dated: July 17, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076:mp/Coss1490.100ifpggh